

1325 Avenue of the Americas, 19th Floor
New York, NY 10019
212-752-8000    212-752-8393  fax

New Jersey

Delaware

Maryland

Texas

Florida

Jed M. Weiss
Member

Reply to New York Office
Writer's Direct Line: 646-563-8922
Writer's Direct Fax: 646-563-7922
Writer's E-Mail: jweiss@coleschotz.com

November 13, 2019

**Via ECF**
Judge Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

      Re:    The Management Group LLC v. HolidayNet LLC and GoDaddy, Inc.
                Case No. 1:19-cv-04917

Dear Judge Broderick:

      We represent HolidayNet LLC ("HolidayNet") in the above-captioned matter. We write pursuant to the Court's request at the November 7, 2019 conference to advise regarding HolidayNet's position with respect to Plaintiff's request that this Court transfer this action to United States District Court for the State of New Jersey. For the reasons set forth herein, because the United States District Court for the State of New Jersey is not a proper forum for this dispute, the Court should not order any transfer.

      As the court will recall, at the November 7, 2019 conference, this Court properly determined that it lacked jurisdiction to preside over this matter because the parties to this dispute lack complete diversity. Specifically, Plaintiff, a New York resident, is a member of the Defendant. Thus, both the Plaintiff and a member of the Defendant share residency in New York. As a result, this Court cannot exercise jurisdiction over this matter pursuant to 28 U.S.C. §1332. ICON MW, LLC v. Hofmeister, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013) (finding the Court lacked jurisdiction because a member of the plaintiff LLC and the defendant were both citizens of the same state). Moreover, while this Court may have the authority to transfer a case to a Court of competent jurisdiction pursuant to 28 U.S.C. §1631, because the United States District Court for the State of New Jersey is not a Court of competent jurisdiction, the Court should not order any transfer.

      The United States Code is clear as to where a case's venue may be transferred, stating that a civil action may be transferred "to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). HolidayNet has not, and will not, consent to jurisdiction in the State of New Jersey; therefore, Plaintiff may

Cole Schotz P.C.

Judge Vernon S. Broderick
November 13, 2019
Page 2

only prosecute this action in the United States District Court for the State of New Jersey if the case could have originally been brought in that Court.  Id.

     As an initial matter, for the same reason that this Court lacks jurisdiction to preside over this dispute (lack of diversity), jurisdiction by the Federal Courts of New Jersey is similarly lacking.  Moreover, at the time of the commencement of this lawsuit, and, upon information and belief as of the date of this letter, no party to this dispute is located within New Jersey.  New Jersey courts do not have jurisdiction over foreign corporations that are not located within New Jersey, and when the claims involved do not occur within the state of New Jersey.  <u>Pfundstein v. Omnicom Grp. Inc.</u>, 285 N.J. Super. 245 (App. Div. 1995) (finding that long-arm statute did not permit service upon foreign corporations that have not had "continuous and systematic" contacts with the State when the claims do not arise out of activities within the State); N.J. Ct. R.R. 4:4-3.  HolidayNet does not reside in New Jersey, and the events pursuant to which Plaintiff's claims allegedly arise did not occur within New Jersey.

     Because New Jersey is an improper forum for this dispute, this court is without statutory authority to transfer this action to the District Court for the State of New Jersey.  <u>Kopunek v. Dir. of Internal Revenue</u>, No. 80 CIV. 761, 1981 WL 1766, at *2 (S.D.N.Y. Mar. 31, 1981) (declining transfer to the District Court of Florida, because at the time of the commencement of the action no party was a Florida resident) (citing <u>Hoffman v. Blaski</u>, 363 U.S. 335, 343 (1960) (affirming that case could not be transferred to court in which the action could not originally be brought)).  Further, venue is only proper where any defendant resides, if all defendants reside within that state, or the within the district win which a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(b).  Considering neither defendant is a resident of New Jersey, and the events in question did not occur within New Jersey, Plaintiff's selection of the District Court for the State of New Jersey is inappropriate.

     Accordingly, HolidayNet respectfully requests that Plaintiff's request to transfer this case to the District Court for the State of New Jersey be denied.

     Respectfully submitted,

     COLE SCHOTZ P.C.

     */s/ Jed M. Weiss*

     Jed M. Weiss

JMW:ajh

57008/0001-18133259v8