**MARION & ALLEN, P.C.**     488 Madison Avenue, Suite 1120, New York, New York 10022
**BY: ROGER K. MARION, ESQ.**                                                Telephone: (212) 658-0350
rmarion@rogermarion.com                                                       Mobile: (201) 264-6622

November 13, 2019

The Honorable Vernon S. Broderick, U.S.D.J.
United States District Court, S.D.N.Y.
40 Foley Square
New York, New York 10007

    Re:   *The Management Group, LLC v. Holidaynet LLC and Godaddy.com, Inc.*
           1:19-cv-04917 (VSB)
           **Summary of Diversity Jurisdiction**

Dear Judge Broderick:

We represent plaintiff The Management Group, LLC ("Plaintiff") in the above action. I write and file this letter pursuant to your November 8, 2019 Order (Docket Document 24) that the parties address the law and facts regarding the diversity issues between The Management Group, LLC and Holidaynet LLC by the end of today.

It appears that defendant filed a letter that contests the Court's ability to transfer the matter to New Jersey, where Joellen Gabel admitted in Court she resides (in the town of Teaneck), and from which she apparently runs Holidaynet. (See, Docket Document 26)  We disagree with their conclusions as set forth below.  Defendant's letter also improperly asserts that Your Honor "determined that that it lacked jurisdiction," however, this Court did not make any such ruling in this matter.

    A.  **Applicable Diversity Law**

Complete diversity is the cornerstone of a diversity action. *See*, 28 U.S.C. § 1332.  If a court determines it lacks complete diversity, "the case shall be remanded" to state court, as required by 28 U.S.C. § 1447(c) which in this case would be the New York Supreme Court.

The citizenship of an LLC is determined by the citizenship of each of its members. *See*, *e.g.*, *Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC*, 692 F.3d 42, 49 (2d Cir. 2012). As the Court looks to the citizenship of each party's members, members who are limited liability companies are ascribed the citizenship of *its* members, creating a two-layer lookback. *See*, *Id*. In this case, the members at issue are the members of the members of Holidaynet LLC.

B. **The Underlying Facts**

The Management Group, LLC has a single member, Andrew Fox, a New York resident. As Defendants represented in Court, they are a Florida LLC. *See*, Exhibit A. Pursuant to section 3 of a July, 2012 Contribution Agreement, defendant Holidaynet LLC *was supposed to issue* a 5% interest to The Management Group, LLC and pay an amount of money, but I am informed that *it failed to do so*.

When Holidaynet was formed as a Florida entity, only Skynet Media LLC (also a Florida entity) was listed, as a managing member. *See*, Exhibits A and B. The Management Group, LLC has never received any indicia of ownership, never received any share of profits (which have been, upon information and belief in the millions of dollars) or losses (which are not believed to have occurred) and never even received the mandatory IRS Form 10-K for 2012 through 2018. Thus the Management Group cannot be said to be a member of Holidaynet simply because there was a breached agreement to make it so.

If Defendant contends otherwise, let it show that it filed the mandatory IRS Form 10-K with the IRS for the past six years and shared profits as required. If it cannot, then the breach, and the complete diversity is laid bare, and Plaintiff would submit that this Honorable Court has complete diversity jurisdiction.

C. **The Potential of Transfer**

Of course, whereas JoEllen Gabel of Holidaynet, who was at the hearing, resides in Teaneck, New Jersey from which she apparently runs Holidaynet, she has established that Holidaynet has continuous and systematic contact with New Jersey arising out of her activities within the State of New Jersey. 28 U.S.C. § 1404(b) permits this Court to transfer a civil action "at the discretion of the Court." If the Court is not inclined to retain jurisdiction, then Plaintiff here moves for such transfer, and can make the motion more formal if the Court prefers.

Defendant's letter also correctly concedes that the test to send the case to New Jersey is if its facts have contacts to New Jersey. Thus, whereas Ms. Gabel's acts, and thus Holidaynet's acts, all appear to arise in New Jersey, this Court has statutory authority to transfer this case to New Jersey as well as to keep it.

Based on the foregoing, Plaintiff respectfully submits that the Court may choose to keep the case, or in fact, may choose to transfer it to the District Court for the District of New Jersey.

Respectfully submitted,

Roger K. Marion, Esq.

cc: Jed M. Weiss, Esq. (*via ecf*)