```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
THE MANAGEMENT GROUP, LLC,                                  :
                                                            :
                              Plaintiff(s),                 :
                                                            :      19-cv-4917 (VSB)
                  -against-                                 :
                                                            :         ORDER
HOLIDAYNET LLC, et al.,                                     :
                                                            :
                              Defendant(s).                 :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __12/3/2019__

VERNON S. BRODERICK, United States District Judge:

      Plaintiff, a New York limited liability corporation ("LLC") initiated this breach of contract action by filing a Complaint on May 27, 2019, (Doc. 1), in which it asserted that this court has diversity jurisdiction over the action, (*id.* ¶¶ 3–7). When Defendant failed to appear, Plaintiff filed a proposed order to show cause for default judgment against Defendant, which I signed and issued on October 17, 2019. (Doc. 19.) The order scheduled an order to show cause hearing for November 7, 2019. (*Id.*)

      Defendant, a Florida LLC appeared at the hearing, as did Defendant's majority owner, Jo Ellen Gabel. On the record, I asked the parties to identify the members of the LLCs and their citizenship, and noted that an LLC takes the citizenship of each of its members. *See Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). The parties indicated to me at that time that Plaintiff's owner, a New York citizen, was also a member of Defendant, and that Ms. Gabel was a New Jersey citizen. I noted that diversity jurisdiction might therefore be in question and that transfer of the action to New Jersey might be appropriate. I directed the parties to submit letter briefs on these issues, both orally and by

subsequent written order, (Doc. 24).

On November 13, 2019, the parties submitted their letters. Defendant's letter, submitted first, asserts that at the November 7, 2019 Order to Show Cause hearing in this case, I "determined that [this Court] lack[s] jurisdiction to preside over this matter because the parties to this dispute lack complete diversity." (Doc. 26.) Therefore, Defendant argues, diversity jurisdiction is also inappropriate in the District of New Jersey, and so I lack the authority to transfer the case. Plaintiff's letter does not request such transfer but now contends that neither Plaintiff nor Plaintiff's sole member is a member of the LLC, and so this Court does have diversity jurisdiction. (Doc. 27.) Therefore, Plaintiff argues, I have authority to keep the case before me in this district, or to transfer it to the District of New Jersey at my discretion. (*Id.*)

As an initial matter, at the hearing I did not make a finding that I lack diversity jurisdiction to preside over this matter. Nor do I make such a finding now, as it would be premature based on the parties' dueling but unsubstantiated accounts of the jurisdictional facts. Further, neither party's submission affirmatively requests any specific relief. Therefore, I conclude that no action is required by the Court at this time. Accordingly, it is hereby:

ORDERED that Defendant is directed to answer, move, or otherwise respond to the Complaint, (Doc. 1), by January 3, 2020.

SO ORDERED.

Dated: December 3, 2019
New York, New York

Vernon S. Broderick
United States District Judge