UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE MANAGEMENT GROUP LLC,<br><br>                    Plaintiff,<br>-against-<br><br>HOLIDAYNET, LLC, and GODADDY, INC,<br><br>                    Defendants. | Case No.  1:19-cv-04917-VSB<br><br>Civil Action |

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S MOTION BY ORDER TO SHOW CAUSE
FOR ATTACHMENT, INJUNCTIVE RELIEF AND RECEIVERSHIP**

MARION & ALLEN, P.C.
488 Madison Avenue
Suite 1120
New York, New York 10022
(212) 658-0350

*Attorneys for Plaintiff*

# Table of Contents

PRELIMINARY STATEMENT ................................................................................ 1

FACTS ........................................................................................................................ 2

ARGUMENT .............................................................................................................. 6

POINT I.   A PRELIMINARY INJUNCTION IS APPROPRIATE HERE ... 6

POINT II.   PRE-JUDGMENT ATTACHMENT IS APPROPRIATE............. 7

POINT III.  RECEVIERSHIP IS AN APPROPRIATE REMEDY ................. 12

CONCLUSION ........................................................................................................ 19

# TABLE OF AUTHORITIES

*Bank Leumi Trust Co. v. Istim, Inc.*
892 F. Supp. 478 (S.D.N.Y. 1995). ...................................................................................... 9

*Considar, Inc. v. Redi Corp. Establishment*
655 N.Y.S. 2d 40 (1st Dep't 1997) .................................................................................... 10

*Federal Home Loan Mortgage Corp. v. Spark Tarrytown*
829 F. Supp. 82 (S.D.N.Y. 1993) ...................................................................................... 12

*Hotel 71 Mezz Lender LLC v. Falor*
14 N.Y.3d 303 (2010) ........................................................................................................ 10

*Kneapler v. Braufman*
266 A.D. 756, 41 N.Y.S 2d 261 (2nd Dep't. 1943) ........................................................... 10

*Koehler v. Bank of Bermuda.*
12 N.Y.3d 533, 539 (2009) ................................................................................................ 10

*Ross v. Thomas*
2011 U.S. Dist. LEXIS 60444, n. 20 (S.D.N.Y. June 6, 2011) ........................................ 12

*Stewart v. Lyman*
62 A.D. 182, 70 N.Y.S. 936 (1st Dep't 1901) ................................................................... 10

*Tannenbaum v. Gottlieb*
14 A.D. 105, 43 N.Y.S. 469 (1st Dep't 1897) ..................................................................... 9

*Tex. 1845 LLC v. Wu Air Corp.*
2012 U.S. Dist. LEXIS 14979, *22 (E.D.N.Y. Feb. 3, 2012). .......................................... 12

*Varsames v. Palazzolo,*
96 F. Supp. 2d 361 (S.D.N.Y. 2000). ................................................................................ 12

Fed. R. Civ. P. § 64 ......................................................................................................... 7, 8

Fed. R. Civ. P. § 66 ............................................................................................................ 12

N.Y. C.P.L.R. § 6201 ............................................................................... 4, 6, 8, 11

N.Y. C.P.L.R. § 6212 ............................................................................................ 8

12 Charles A. Wright & Arthur R. Miller,
Federal Practice and Procedure § 2983 (1973) ........................................................ 12

*Tex. 1845 LLC v. Wu Air Corp.*
2012 U.S. Dist. LEXIS 14979, *22 (E.D.N.Y. Feb. 3, 2012). ................................ 12

*Varsames v. Palazzolo,*
96 F. Supp. 2d 361 (S.D.N.Y. 2000). ..................................................................... 12

Plaintiff The Management Group LLC ("Plaintiff") respectfully submits this Memorandum of Law in support of Plaintiff's motion for attachment, the appointment of a receiver and injunctive relief.

## PRELIMINARY STATEMENT

This action is for declaratory Judgment upon an assignment of specific domain names, also known as Uniform Resource Locators ("URLs") are newyears.com, newyearseve.com, 1231.com, vegasnewyears.com, nynewyears.com, snaptickets.com, newyearspartynyc.com, and new-years-eve.com (the "Domains") that, pursuant to the assignment, belong to Plaintiff. *See*, Assignment at Exhibit A. The assignment was made by Defendant Holidaynet, LLC ("Holidaynet"). Defendant godaddy.com, Inc. asked to be a party hereto to have an Order to clarify ownership of the Domains. These domains sell tickets to event, primarily New Year's Eve parties. They make their money now as set forth in the Fox Affidavit filed herewith

The urgency of the relief requested herein cannot be overstated. Holidaynet has moved some of the operations of these Domains to another website. They have also decimated the value and usefulness of newyearseve.com domain. They are causing or permitting the cancellations of many domains associated with this business, and it would take but a moment to decimate the remaining Domains at issue. That damage would be irreparable in the short term.

1

Moreover, Holidaynet making money from Plaintiff's Domains. Like pumping gas from Plaintiff's gas station, this is a taking, and the history between the parties shows that money, which should be Plaintiff's money, will disappear.

To prevent this, Plaintiff seeks a prejudgment attachment of the funds at issue and the Domains, a reveiver to control the websites and the business thereon, and injunctive relief to maintain the status quo in the face of a defendant shedding assets and with a history of claiming no money was made in a multi-million dollar business.

## FACTS

The material facts at issue are set forth in the affidavit of Andrew Fox filed herewith.

A.  Success on the Merits is Likely

This matter is not about all of the facts leading up to the complaint, it is a simple matter to enforce an assignment which was mutually designed by the drafting counsel for defendant and for Plaintiff to have no defenses. The domain names, also known as Uniform Resource Locators ("URLs") are newyears.com, newyearseve.com, newyearspartynyc.com,, vegasnewyears.com, nynewyears.com, snaptickets.com, 1231.com, and new-years-eve.com (the "Domains") belong to Plaintiff. *See*, Assignment at Exhibit A to the Fox Affidavit ("Exhibit A").

### B. Harm Is Current, Imminent and Ongoing

That said, why are defendants fighting? Because these domains are used in conjunction with the websites built on them to sell tickets to new years eve parties. If defendants can just sandbag two more weeks they can try to take all of the profits they are making from Plaintiff's domains and websites and distribute, disburse or secret them. This is essentially a theft under the nose of the Court.

It is as if defendants stole the key to a gas station owned by Plaintiff and are selling Plaintiff's gas – every penny made is akin to stolen funds. Every day, Defendant Holidynet, and is pocketing revenues that truly belong to the Plaintiff.

Moreover, in preparation for this litigation, they are not conducting sales to the events on the Domains on a mirror site called Joonbug.com. (Continuing the analogy, it is like syphoning the gas from my gas station and selling my gas an inch off premises.)

However, the success on the merits – the ownership of the domains under the assignment, like ownership of the gas station, is not reasonably disputable.

I ran this business before, and know it makes millions of dollars. In the few years that Defendant ran the business they always claimed that they didn't make any money. However, there should be no getting lost in the weeds on this action – this action is not about that money, this is merely a declaratory action; the question in this

3

action is not one of damages, it is very simply whether under the assignment the Domains are now Plaintiff's, and they indisputably are. Whereas the Domains belong to Plaintiff, any money made thereon should belong to Plaintiff – to the extent Holidaynet is pocketing such funds, they are akin to stolen funds.

Whereas the ownership of the Domain Names is indisputable, and the likelihood of a success on the merits is very high indeed.

### C. The CPLR §6201 Attachment Criteria Are Met

Against this backdrop of certainty as to the true domain ownership, as detailed in the memorandum of law filed herewith, we look to the New York Civil Procedure Law and Rules ("CPLR") for the substantive law on attachment to apply. Thus, I look to the factors below:

A party is entitled to attachment if the defendant is a foreign, and not a New York entity. Defendant is a Florida entity. Thus, per CPLR §6201(1) attachment is appropriate.

Further, the transaction at issue involved a multitude of domain names which Holidaynet was required to preserve, including domains that they are permitting to be cancelled by not paying for them. These domains are then disposed of to the highest bidder. The loss of such domain names is continuous and imminent as to several of them as set forth in Exhibit B. Thus, per CPLR §6201(3) attachment is appropriate.

4

Holidaynet has also secreted funds for years, failing to meet their payment obligations while denying income from the business run on these domains. Thus, per CPLR §6201(3) attachment is appropriate.

Defendants have also engaged in active impairment and wasting of the Domains at issue, permitting or causing newyearseve.com to lose Google listing status decimating its commercial value. It is urgent that they be prevented from doing the same to the other domains.

With the mirror listing on the Joonbug.com website, it appears that Defendants are preparing to do the same to the other domains herein and the websites built on them. Plaintiff respectfully submits that such injustice and change in the status quo must not be allowed.

It seems that under the circumstances, if Plaintiff cannot immediately regain control of my own assets, then a neutral third party should run the assets in issue and escrow all profits until I regain possession.

Therefore, Plaintiff respectfully requests that its motion for attachment of the Domains or the websites thereon pending judgment in this action be granted, that injunctive relief be granted prohibiting defendant Holidaynet LLC from harming, deleting or delisting the Domains or the websites thereon, and preserving all funds earned from ticket sales from the event on those domains whether they are

5

completed through the domains, or though any other website Holidaynet or its principals may have. Finally until I receive control of the Domains, Plaintiff respectfully request the appointment of a receiver to run the Domains and the business thereon to protect them from further damage.

## ARGUMENT

### POINT I

### A PRELIMINARY INJUNCTION IS APPROPRIATE HERE

To obtain a preliminary injunction, Plaintiffs must show (1) the likelihood of irreparable injury in the absence of an injunction; and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of the hardships tipping decidedly toward Plaintiffs. *Sunward Electronics, Inc. v. McDonald*, 362 F.3d 17, 24 (2nd Cir 2004). *See also Fun-Damental Too, Ltd. v. Gemmy Industries Corp.*, 111 F.3d 993, 998-999 (2nd Cir. 1997). Under either alternative, Plaintiffs are entitled to the relief they seek.

As noted in the Fox affidavit filed herewith, Holidaynet has already damaged domains, including newyearseve.com, and as shown in Exhibit B is shedding domains relevant to the business. Once another customer buys these, they are lost, the injury is irreparable.

6

As addressed above there is also a **high likeliness** of success on the merits as the assignment reserved no defenses as seen in Exhibit A to the Fox Affidavit. Thus, under the circumstances, minimal preliminary injunctive relief, including the prevention of loss or injury to any of the Domains or the websites built thereon, and preventing dissipation of funds earned from Plaintiff's domains seems a just and necessary cause.

If this case is carried into next year, as it will be, Fox was clear that he expects false claims of dissipation of millions of dollars in revenues, and a claim from Holidaynet that there is no money. That too cries out for the requested injunctive relief.

## POINT II
### PRE-JUDGMENT ATTACHMENT IS APPROPRIATE

Pursuant to F.R.Civ.P. 64, "throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.

(b) SPECIFIC KINDS OF REMEDIES. The remedies available under this rule include the following—however designated and regardless of whether state procedure requires an independent action:

- arrest;

7

- attachment;
- garnishment;
- replevin;
- sequestration; and
- other corresponding or equivalent remedies." *F.R.Civ.P. 64*

In New York, where this Court is located, the law of the State is set forth in the Civil Practice Law and Rules ("CPLR"). CPLR §6212(a) provides that in order to be entitled to an order of attachment, Plaintiff must show that (i) there is a cause of action; (ii) it is probable that Plaintiff will succeed on the merits; (iii) one or more grounds for attachment provided in CPLR § 6201 exist; and (iv) the amount demanded from the defendants exceeds all counterclaims known to Plaintiff.

CPLR §6201 provides, in pertinent part: "An order of attachment may be granted in any action, except a matrimonial action, where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants, when: 1. the defendant is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state; or … 3. the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts".

8

As demonstrated below, Plaintiff has satisfied each of these requirements and there is an urgent need for an attachment against the corporate defendants who have withdrawn assets from the United States, have engaged in fraudulent behavior regarding the reporting of assets, and are removing the last known major assets. Accordingly, this court should issue the Attachment Order.

Here, the attachment is to serve on Godaddy to prevent sale of the Domains. Holidaynet has treated Plaintiff's domains at their own, and is releasing domains without any leave from Plaintiff. An attachment on the Domains will prevent their transfer to any new registrant.

Plaintiff need not demonstrate by actual proof disposition or secretion. The transfer or disappearance of an abnormal amount of property will suffice. *See, Tannenbaum v. Gottlieb*, 14 A.D. 105, 43 N.Y.S. 469 (1st Dept 1897); *Bank Leumi Trust Co. v. Istim, Inc.*, 892 F. Supp. 478 (S.D.N.Y. 1995). "[I]t is not always practicable to establish by proof the existence of a fraudulent intent.....even when in reality it exists. Direct proof of fraud can rarely be obtained, and when it is established it must ordinarily be inferred from the circumstances: *Id.* at p. 483. By submitting affidavits which make "a prima facie evidentiary showing of secretion of assets by defendants in fraud of creditors, and particularly in fraud of plaintiff", the plaintiff has fulfilled his burden of proof. *See, Kneapler v. Braufman*, 266 A.D. 756, 41 N.Y.S 2d

9

261 (2nd Dep't. 1943). The burden then shifts to the defendants to explain the actions or to rebut the plaintiff's allegations. *Stewart v. Lyman*, 62 A.D. 182, 186, 70 N.Y.S. 936 (1st Dep't 1901).

It is equally well settled that the Court can compel observance of its decrees by proceedings in personam against the owner within the jurisdiction, <u>even if the situs of the property is outside New York</u>. *See, Koehler v. Bank of Bermuda*, 12 N.Y.3d 533, 539 (2009)(*emphasis added*); *Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.3d 303, 311–312 (2010). Courts have the authority to grant an attachment of the property of a litigant who "voluntarily submitted to the personal jurisdiction of the court". The Court of Appeals also ruled that the situs of the intangible property interests was in New York. *Id.* at 316.

Plaintiffs need only show a likelihood of success on one of its claim in order to be entitled to the Attachment Order. *See, Considar, supra,* 655 N.Y.S. 2d at 41. Here, the assignment establishes a likeliness of success on the merits.

As cited above, the F.R.Civ.P looks to State law on attachment. In New York what needs to be shown is that in order to be entitled to an order of attachment, is (i) there is a cause of action; (ii) it is probable that Plaintiff will succeed on the merits; (iii) *one or more* grounds for attachment provided in CPLR § 6201 exist; and (iv) the

amount demanded from the defendants exceeds all counterclaims known to Plaintiff.

The CPLR §6201 elements, connected by an "or", are "when: 1. the defendant is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state; *or* ... 3. the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts".

So one ground for attachment is "foreign corporation not qualified to do business in the state". Defendants are a foreign Florida corporation not qualified to do business in the State of New York and its subsidiaries. *Thus the complete basis for an attachment under New York law is fulfilled.*

A *second* ground is when a defendant has assigned, disposed of, encumbered, secreted or removed property to frustrate judgment enforcement. There is no question that Holidaynet has disposed of many of the domain names associated with its business with Plaitniff.

## POINT III
### RECEIVERSHIP IS AN APPROPRIATE REMEDY

F.R.Civ.P. 66 authorizes the appointment of a Receiver to protect assets in accord with the historical practice of receiverships. See FRCP 66; *Federal Home Loan*

11

*Mortgage Corp. v. Spark Tarrytown*, 829 F. Supp. 82 (S.D.N.Y. 1993); *Varsames v. Palazzolo*, 96 F. Supp. 2d 361, 365 (S.D.N.Y. 2000).

Several factors are considered relevant to establishing the need for a receivership including, *inter alia*, fraudulent conduct on the part of defendant; the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; the inadequacy of the available legal remedies; the probability that harm to plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment. *See, Ross v. Thomas*, 2011 U.S. Dist. LEXIS 60444, n. 20 (S.D.N.Y. June 6, 2011) *citing* 12 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2983 (1973); *Varsames, supra*, 96 F. Supp. 2d at 365 (quoting Wright & Miller § 2983); *Tex. 1845 LLC v. Wu Air Corp.*, 2012 U.S. Dist. LEXIS 14979, *22 (E.D.N.Y. Feb. 3, 2012).

As set forth above, each of these elements is already met. A history of claiming no profits upon what is upon information and belief multi-million dollar revenue, the decimation of Newyearseve.com, and the shedding of the business's domain names is key. Also, shifting ticket sales for the events to the Joonbug website, clearly shows the shifting of profits from the Domains to other platforms. The business is being not only diminished, but killed. Thus, the facts supporting the appointment of a receiver are self evident.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully submits that this Court should grant Plaintiff's motion for attachment of the Hawaii solar assets in its entirety.

Dated: New York, New York
       December 20, 2019

                        Respectfully submitted,

                        Roger K. Marion