UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
 
THE MANAGEMENT GROUP, LLC,

        Plaintiff(s),

  -against-

HOLIDAYNET LLC, et al.,

        Defendant(s).

------------------------------------------------------------X

19-cv-4917 (VSB)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/22/19

VERNON S. BRODERICK, United States District Judge:

On December 20, 2019, I issued an Order to Show Cause directing that Defendant Holidaynet LLC show cause at Room 518, at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York, on Monday, December 23, 2019, at 10:00 a.m., why an order should not be issued and entered pursuant to Rules 64, 65, and 66 of the Federal Rules of Civil Procedure and the inherent powers of the court, for the appointment of a receiver and an attachment of all funds in dispute pending a resolution of this matter, and injunctive relief to maintain the status quo ("OTSC"). The parties are directed to be prepared to answer/address the following questions/issues.

1. Does Defendant still maintain diversity does not exist? If so,
   - What proof is there that diversity does not exist?
   - What proof is there that The Management Group LLC is a member of Holidaynet LLC?
     - Is there documentation that has been filed with the authorities in Florida? If such documentation does exist it should be produced to Plaintiff and the Court immediately.
   - How do you respond to Plaintiff's letter about jurisdiction, including the Electronic Articles of Organization for Florida LLC?

2. Is the Assignment of Domain Names attached to the Complaint part of or related to any other agreements?

- o If so, what agreements?
- o Why were not the related agreements attached to the Complaint?
- o Why were not the related agreements attached to the OTSC papers?
- o Do the related agreements reference the domain names referenced in the Assignment of Domain Names attached to the Complaint?

3. When Plaintiff states in its OTSC memorandum of law that it seeks injunctive relief to preserve the status quo, what does it mean?
    - o What does Plaintiff assert the status quo to be?
    - o What is the specific relief sought?

4. In the proposed OTSC, Plaintiff included a provision—omitted from the issued OTSC—directing Defendant to escrow and not distribute, spend, or secret funds derived from sales of tickets to events sold through domains at issue including funds derived from selling tickets on any other domains in which the members of Holidaynet hold any interest or role.
    - o What would be the justification for escrowing funds derived from domains in which Plaintiff has no interest or role?

5. What evidence is there that Defendant owns, runs or has an interest in joonbug.com?
    - o Does Plaintiff allege that Defendant is diverting traffic from the domains at issue to joonbug.com?

6. What is the basis for Plaintiff's repeated statements that Defendant earned millions of dollars through the business?
    - o What is the basis for his belief that Defendant secreted these funds?

7. In general, what are the specific allegations/facts in Plaintiff's papers to suggest that Defendant is secreting assets?
    - o Exhibit B appears to concern nonrenewal of URLs not mentioned in the complaint or in the Assignment. In what way is this proof of secreting? Elsewhere, (*see* Tr. 6:5-7), Plaintiff has mentioned other URLs that do not seem to be mentioned in the Assignment. Is there another relevant agreement between the parties?

8. Does Defendant have any assets in New York?

9. At the last conference, it was my understanding that Defendant agreed not to dispose of the websites.
    - o Has Defendant disposed of any of the websites listed in the Assignment?
    - o Does Plaintiff allege Defendant has been wasting the sites since the last hearing? If so, how has Defendant been wasting the sites? What evidence that Defendant has been wasting the sites?

- What is Defendant's position with respect to likelihood of success on the merits?
  - Does Defendant dispute the assignment of newyears.com, newyearseve.com, 1231.com, vegasnewyears.com, nynewyears.com, snaptickets.com, newyearspartynyc.com, and new-years-eve?
  - Putting to the side the Assignment, does Defendant still have possession of the websites that were part of the assignment?
    - Has Defendant sold, disposed of, or otherwise relinquished ownership in the websites?
    - Does Defendant's son have any interest in the websites at issue?
    - Are the websites at issue in any way involved in Defendant's son's divorce proceeding?

10. Does Defendant still intend to assert that this case should be arbitrated? If so, what is the basis for its claim that the case should be arbitrated?

11. Does Defendant own or have any interest in joonbug.com?
    - Does Defendant's son own or have any interest in joonbug.com?
    - Does Defendant know who owns or has an interest in joonbug.com?
    - How did the parties on joonbug.com come to be listed on that website?
      - If the parties became listed on joonbug.com through negotiations with the entities hosting the parties did Defendant participate in those negotiations? Did Defendant's son participate in the negotiations?

SO ORDERED.

Dated: December 22, 2019
New York, New York

Vernon S. Broderick
United States District Judge