

1325 Avenue of the Americas, 19th Floor
New York, NY 10019
212-752-8000   212-752-8393  fax
—
New Jersey
—
Delaware
—
Maryland
—
Texas
—
Florida

Jed M. Weiss
Member

Reply to New York Office
Writer's Direct Line: 646-563-8922
Writer's Direct Fax: 646-563-7922
Writer's E-Mail: jweiss@coleschotz.com

December 30, 2019

**<u>Via ECF and Email</u>**
Judge Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

       Re:    <u>The Management Group LLC v. HolidayNet LLC and GoDaddy, Inc.</u>
              Case No. 1:19-cv-04917

Dear Judge Broderick:

      We represent HolidayNet LLC ("HolidayNet") in the above-captioned matter.  Pursuant to the Court's December 30, 2019 email, we write to address the payments/types of payments that are in dispute in advance of the 4:00 p.m. conference.

      As an initial matter, the parties are currently in the process of attempting to resolve this lawsuit.  At present is a proposal that provides that the domains will be transferred to Plaintiff, and Plaintiff reserves his right to seek any money damages as a result of any alleged unjustified refusal to provide Plaintiff with the domains from April, 2019, to the present to be litigated in the New York State Supreme Court (HolidayNet agrees to accept service), as well as Plaintiff's alleged right to monies allegedly owed as a result of Plaintiff's 5% membership interest in HolidayNet to be adjudicated in arbitration.  If the parties are able to resolve this case, we will promptly advise the Court and/or request to put any resolution on the record at 4:00 p.m.

      With respect to the instant dispute, the payables that are subject to review involve payments for the operation of HolidayNet's events, specifically, room rental fees.  Attached hereto is a spreadsheet that was sent to Plaintiff's counsel this morning that details all payments made from 12/23 to the present, as well the anticipated payables that are the subject of the instant dispute, which without payment could threaten the viability of the events.  As the Court will see, the totality of the payables include, among other things:  room rentals; security staffing; catering; insurance; utilities; hospitality staffing; lighting; sound; etc.  There is **no** money on the attached relating in any way to disbursements to members, including Jo Ellen and Jon Gabel.  The instant dispute involves line items 4, 14, 16, 19, 21, 22, and 34 (the "Disputed Payables").

Cole Schotz P.C.

Judge Vernon S. Broderick
December 30, 2019
Page 2

The parties exchanged email correspondence this morning.  Among other things, Plaintiff requested backup documentation regarding the Disputed Payables before he can approve/disapprove.  That information was provided to Plaintiff this afternoon.  At present, Plaintiff's counsel has not stated either way, thus HolidayNet requested the call with the Court.  Again, we will advise the Court as soon as practical should we reach a resolution.

In addition, Plaintiff also objected wholesale to numerous of the payables on the grounds that they were made after oral argument regarding Plaintiff's motion.  My client is currently in the process of providing backup for each and every one of them, and it will be provided to Plaintiff's counsel as soon as possible.  Following the oral argument, I believed that it was the Court's intention that all monies except for operating expenses would be restrained (and would not be disbursed to members), which is precisely what HolidayNet has done, and documented for Plaintiff's counsel.  I did not understand the Court's intention to be that each and every one of the payables detailed herein required Plaintiff's approval before being made.  Following the Parties' letters to the Court last week regarding this very issue, and the Court's agreement with Plaintiff that each and every payable had to be approved by Plaintiff's counsel, we provided the attached and as stated are currently obtaining backup to satisfy any of Plaintiff's counsel's concerns.  For the Court's information, of the approximately 20 anticipated payables (those in categories one and two on the attached), Plaintiff consented to 13, and as stated requested additional information as to others which was provided and approval remains outstanding.  As stated at the time of this letter, Plaintiff's counsel has not yet indicated either way with respect to the others but hopefully they can be resolved at 4:00 p.m., if not earlier.

HolidayNet will have a client representative available to be added to the call to address any questions that the Court or Plaintiff's counsel has regarding the items detailed on the spreadsheet.

Respectfully submitted,

COLE SCHOTZ P.C.

*/s/ Jed M. Weiss*

Jed M. Weiss

CC:  Counsel for Plaintiff (via ECF)