**MARION & ALLEN, P.C.**     488 Madison Avenue, Suite 1120, New York, New York 10022
**BY: ROGER K. MARION, ESQ.**                                         Telephone: (212) 658-0350
rmarion@rogermarion.com                                                      Mobile: (201) 264-6622

April 10, 2020

The Honorable Vernon S. Broderick, U.S.D.J.
United States District Court, S.D.N.Y.
40 Foley Square
New York, New York 10007

    Re:   *The Management Group, LLC v. Holidaynet LLC and Godaddy.com, Inc.*
           1:19-cv-04917 (VSB)
           **Plaintiff's Opposition to Untimely Motion**

Dear Judge Broderick:

    We represent plaintiff The Management Group, LLC ("Plaintiff") in the above action. I write and file this letter in opposition to the motion filed by Godaddy to file an order of dismissal with prejudice in a case that was withdrawn months ago. The withdrawal, Document 46, was duly filed on January 17, 2020, and terminated the action pursuant to F.R.C.P. 41(a)(1)(A)(i). The withdrawal did *not* seek any other relief or order from the Court. The Clerk had a *sua sponte* objection was that a stipulation was attached. The stipulation was, and is, absolutely necessary to have of record as it has the very service agreements and other provisions between the parties that permitted the withdrawal from this Court to have the remaining disputes heard in other forums. We respectfully submit that the Court should instruct the Clerk to mark the action voluntarily dismissed and closed as of January 17, 2020, as there is no Rule permitting the Clerk to refuse the withdrawal or to object to a stipulation between the parties as an exhibit.

    Instead, the Clerk forwarded the filing to the Court apparently on the mistaken belief that it sought "other relief" from the Court. In reaction, the Court filed the January 22, 2020 Order stating that unless an amended Voluntary dismissal is filed within 30 days, the Court would Order the case dismissed without prejudice. (Docket Document 48)

Page | 1

I have no understanding what Rule prohibits the parties from entering into a stipulation or placing it of record, however, we could discern no means to maintain the necessary stipulation in a voluntary dismissal acceptable to the Clerk, so no further filing occurred.

Now, long after the due filing of the voluntary dismissal, Godaddy makes a motion in what should be a closed case. The Godaddy request for a dismissal with prejudice that was made without a Rule 56 or Rule 65 application or the support required for such a motion. The Godaddy motion is also made despite the April 13, 2020 Court Notice curtailing Court operations in civil matters to only applications for immediate relief pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

Thus we respectfully submit that the Court should deny the Godaddy request for a dismissal with prejudice, and should instruct the Clerk to mark the action voluntarily dismissed and closed as of January 17, 2020.

Thank you.

Respectfully submitted,

Roger K. Marion, Esq.

cc: Jed M. Weiss, Esq. (*via ecf*)
Jeffrey Monhait, Esq. (*via ecf*)