```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
THE MANAGEMENT GROUP, LLC,                                   :
                                                             :
                              Plaintiff,                     :
                                                             :       19-CV-4917 (VSB)
                -against-                                    :
                                                             :              ORDER
                                                             :
HOLIDANYNET LLC, et al.,                                     :
                                                             :
                              Defendants.                    :
                                                             :
------------------------------------------------------------ X
```

VERNON S. BRODERICK, United States District Judge:

I am in receipt of the April 9 and 10, 2020 letters from Defendant Godaddy, Inc. ("Godaddy") and Plaintiff The Management Group, LLC ("TMG") in connection with my Order of January 22, 2020 ("January 22 Order"). (Docs. 50–54.) I issue this Order now to clarify the January 22 Order. (Doc. 48.)

On January 17, 2020, Plaintiff filed a Notice of Voluntary Dismissal "with prejudice as to the possession of the domain names at issue, subject to the stipulation attached hereto reserving the right to litigate issues other than possession of the domain names at issue in other forums." (Doc. 46.) Attached to that Notice was a Settlement Agreement that suggested that Godaddy was a party to the agreement, even though Godaddy had not signed the agreement and the block for its signature had been struck out.[1] (*Id.*) Later that day, Godaddy submitted a letter to the Court clarifying that it was not a party to the Settlement Agreement. (Doc. 47.) Accordingly, I issued an Order that (1) stated that the Clerk of Court had referred the Notice to me rather than

---

[1] Specifically, the introductory language stated that the agreement was entered into "by and among The Management G[r]oup, LLC ("TMG"), Holidaynet LLC ("Holidaynet"), and Godaddy.com Inc., ("Godaddy." Incorrectly named herein as Godaddy. Inc." (Doc. 46.)

automatically closing the case on the ground that it sought "Other Relief"; (2) pointed out the inconsistencies in the Settlement Agreement; and (3) directed Plaintiff to submit a revised-Notice of Voluntary Dismissal that clarifies which claims and which parties it intended to dismiss from the case, and a revised settlement agreement that accurately reflected the parties to the agreement. (Doc. 48.)  If Plaintiff did not do so, I warned, I would dismiss the action without costs and without prejudice.  (*Id.*)

On April 9, 2020, Godaddy filed a letter noting that Plaintiff had not filed a revised Notice or Settlement Agreement, and requesting that I dismiss the action against Godaddy with prejudice.  (Doc. 50; *see also* Doc. 51.)  On April 10, 2020, Plaintiff submitted a letter setting forth its position that the original Notice was proper because "there is no Rule permitting the Clerk to refuse [a] withdrawal [pursuant to F.R.C.P. 41(a)(1)(A)(i) or to object to a stipulation between the parties as an exhibit." (*See* Doc. 52.)  Godaddy then filed a letter indicating it had no objection to a dismissal with prejudice, (*see* Doc. 53), and Plaintiff filed a letter stating it seeks dismissal without prejudice to preserve certain disputes for other forums, (Doc. 54.)

Plaintiff misunderstands the defect in its initial dismissal documents.  While it is permissible to file a notice of dismissal along with a settlement agreement, I will not so order such a notice where it incorporates by reference a settlement agreement that does not accurately reflect the parties to the agreement.

Accordingly, it is hereby:

ORDERED that within fourteen (14) days of this Order, Plaintiff shall file a revised Notice of Voluntary Dismissal and Settlement Agreement that makes clear that Godaddy is not a party to the Settlement Agreement.

IT IS FURTHER ORDERED that Godaddy's request that I dismiss the claims against it with prejudice is DENIED at this time.

SO ORDERED.

Dated: May 5, 2020
       New York, New York

*Vernon S. Broderick*
Vernon S. Broderick
United States District Judge