UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE MANAGEMENT GROUP, LLC, | 19-CV-04917 (VSB) |
| Plaintiff, | **NOTICE OF VOLUNTARY** |
| | **DISMISSAL OF ACTION** |
| v. | **PURSUANT TO F.R.C.P.** |
| | **41(a)(1)(A)(i)** |
| HOLIDAYNET, LLC and GODADDY, INC., | |
| Defendants. | |

Pursuant to F.R.C.P. 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, and the May 5, 2020 Order of the Court, whereas no defendant hereto has filed an Answer to the Complaint nor a motion for summary judgment in the within litigation, and whereas the Management Group have regained the domains in issue rendering this Federal forum unnecessary; now therefore

Plaintiff hereby voluntarily dismisses this action, with prejudice as to the issue of domain ownership, subject to the stipulation between The Management Group LLC and Holidaynet LLC attached hereto reserving, as those parties only, the right to litigate issues other than ownership and possession of the domain names at issue in other forums.

MARION & ALLEN
488 Madison Avenue
Suite 1120
New York, NY  10022
(201) 264-6622
Attorneys for Plaintiff

SO ORDERED:

*Vernon Broderick*

HON. VERNON S. BRODERICK    6/2/2020
UNITED STATES DISTRICT JUDGE

By: */s/ Roger K, Marion, Esq.*
       Roger K. Marion, Esq.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE MANAGEMENT GROUP LLC,<br><br>                       Plaintiff,<br>   -against-<br><br>HOLIDAYNET, LLC, and GODADDY, INC,<br><br>                    Defendants. | Case No.  1:19-cv-04917-VSB<br><br>Civil Action<br><br>**SETTLEMENT AGREEMENT** |

This SETTLEMENT AGREEMENT (this "Agreement") is entered into, as of January 7, 2020, by and among The Management Goup, LLC ("TMG") and Holidaynet LLC ("Holidaynet") (the "Parties" and each as a "Party"). **GoDaddy.com, Inc. (named herein as Godaddy, Inc.) is not a party to this settlement.**

## WITNESSETH

WHEREAS, on June 4, 2019, TMG commenced an action against Holidaynet and Godaddy in the United States District Court for the Southern District of New York (the "Court"), as Case No. 1:19-cv-04917-VSB (the "Action"), in which TMG sought declaratory judgment enforcing an assignment of the return of newyears.com, newyearseve.com, 1231.com, vegasnewyears.com, nynewyears.com, snaptickets.com, newyearspartynyc.com, and new-years-eve.com (the "Domains") alleging diversity jurisdiction;

WHEREAS, by Order entered December 23, 2019 the Court, among other things, required preservation of the Domains, and that they be held in HolidayNet's counsel's escrow pending adjudication of this case and/or further order of the Court;

WHEREAS the existence of diversity between the parties was raised and not resolved;

WHEREAS, the Parties wish to resolve the issues raised in the instant Complaint, and Plaintiff seeks to reserve its right to pursue additional relief in alternate forums, and Defendant seeks to reserve its right to any defenses and/or affirmative relief it has against Plaintiff;

NOW THEREFORE, in consideration of the promises and mutual covenants and agreements set forth below, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

1.  The Domains.

    a.  The Domains were transferred to the Godaddy account of Andrew Fox ("Fox"), to be owned by Fox free and clear of all claims thereon and the parties assigned all intellectual property in the Domains to Andrew Fox;

2.  Reservation of Claims.

    a.  Whereas on April 15, 2019 TMG served its Notice of Election pursuant to Section 3(c) of the Amendment Agreement to which Holidaynet and TMG were parties, Holidaynet and TMG stipulate that all causes of action arising between them, if any, on or after that date shall be heard in the New York Supreme Court, which shall irrevocably have subject matter and personal jurisdiction over those disputes and Holidaynet and TMG. The parties reserve all claims, causes of action, and/or defenses.

    b.  All disputes between Holidaynet and TMG, if any, arising before April 15, 2019 shall be heard in binding arbitration filed in JAMS or AAA in the City of New York. The parties reserve all claims, causes of action, and/or defenses.

    c.  Jed Weiss, Esq. of Cole Schotz P.C. agrees and is authorized to accept service of process and demands for arbitration on behalf of Holidaynet for the disputes between Holidaynet and TMG.

    d.  Holidaynet and TMG shall not raise in further actions between Holidaynet and TMG brought pursuant to 2(a) or 2(b) above, any defense of the entire controversy doctrine, res judicata (except as to ownership of the Domains), jurisdictional defect or forum non-conveniens.

    e.  No Admission. This Agreement is the result of a compromise and shall not be construed as an admission by any Party of any liability, wrongdoing, or responsibility on their part or on the part of their affiliates or their respective

attorneys, officers, directors, employees or agents. The Parties confirm, for the purposes of completeness, that the foregoing provisions of this Section are not intended to affect any liabilities, other obligations or rights of any kind or nature provided for in this Agreement.

3.     Authority to Execute.   The Parties hereto each represent and warrant that they the undersigned have the requisite power and authority to enter into this Agreement and the Parties have the authority and power to perform all of their respective obligations hereunder.   The corporate signatories below represent and warrant that they are duly authorized to sign this Agreement.

4.     Costs and Expenses.   The Parties will each bear their respective costs and expenses in connection with the transactions contemplated hereby.

5.     Governing Law.   This Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of New York exclusive of conflicts of laws provisions. The Parties expressly consent to the continued jurisdiction of the Court for the purpose of enforcing the terms of this Agreement.

6.     Counterparts.   This Agreement may be executed in two or more counterparts and by fax, each of which shall constitute an original, but all of which when taken together shall constitute but one Agreement.   It shall not be necessary that any one counterpart be signed by the Parties so long as each Party shall have executed a counterpart.

7.     Consultation with Counsel.   The Parties acknowledge that they have consulted with legal counsel of their choosing before entering into this Agreement, they have read this Agreement, they know and understand its contents, and they execute this Agreement freely and voluntarily.   In executing and delivering this Agreement, each Party acknowledges that it has not relied on any oral or written promise or representation that is not in this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first written above.

THE MANAGEMENT GROUP LLC       HOLIDAYNET LLC

By: _____       By: _____
Andrew Fox, Managing Member       JoEllen Gabel, Managing Member